State Court of Fulton County
**E-FILED**
25EV006548
6/18/2025 5:16 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ERICA LOVINDEER-CALLENDER

    Plaintiff,

       v.

F. KORBEL & BROS., INC., d/b/a KORBEL
CHAMPAGNE CELLARS, INC., THE
KROGER CO., ABC CORPORATION 1-3,
and JOHN DOE 1-3.

CIVIL ACTION FILE

NUMBER:_____

## COMPLAINT

    Plaintiff ERICA LOVINDEER-CALLENDER ("Plaintiff") files her Complaint for Damages against Defendant F. Korbel & Bros., Inc. doing business as "Korbel Champagne Cellars ("Defendant Korbel"), Defendant The Kroger Co. ("Kroger"), , Defendants ABC Corporation 1-3, and Defendants John Doe 1-3, and showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

    Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

    Defendant Korbel is a foreign corporation, existing under the laws of the State of California with its principal place of business in the State of California, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361 and is subject to the jurisdiction and venue of this Court.

3.

At all relevant times, Defendant Korbel designed, licensed, tested, manufactured, marketed, distributed, sold, and/or introduced into interstate commerce, either directly or indirectly through third parties or related entities, the champagne bottle in question.

4.

Through its actions and those of its agents, Defendant Korbel conducts business in the State of Georgia and causes the wine, spirits and champagnes it designs, licenses, tests, manufactures, markets, distributed   and/or sells to be marketed, distributed, sold and used within the State of Georgia, including at Kroger 4400 Brownsville Road, Powder Springs, Cobb County, Georgia 30127 where the subject champagne bottle was purchased.

5.

At all relevant times, Defendant Korbel derives significant revenue from its activities, including the sale and use of its spirits, wines, and champagnes in the State of Georgia, including Fulton County. Through its actions and those of its agents, Defendant Korbel has consented to and could reasonably anticipate the jurisdiction of this Court.

6.

Defendant Kroger is a foreign corporation, existing under the laws of the State of Ohio with its principal place of business in the State of Ohio, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent, CSC of Cobb County Inc., 192 Anderson St. NE, Suite 125, Marietta, Cobb County, Georgia   30060 and is subject to the jurisdiction and venue of this Court.

2

7.

Defendants ABC Corporations 1-3 are entities that may have participated or have agents who participated in the events outlined in this Complaint. The identity of Defendants ABC Corporations 1-3 is unknown to Plaintiffs. Defendants ABC Corporations 1-3 are subject to the jurisdiction and venue of this Court.

8.

Defendants John Doe 1-3 are individuals that may have participated in the events outlined in this Complaint. The identity of Defendants John Doe 1-3 is unknown to Plaintiffs but well known to Defendants. Defendants John Doe 1-3 are subject to the jurisdiction and venue of this Court.

9.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

**JOINT AND SEVERAL LIABILITY**

10.

Defendants are jointly and severally liable for the acts and omissions alleged in this Complaint.

**<u>FACTS APPLICABLE TO ALL COUNTS</u>**

11.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

12.

At or about June 18, 2023, Defendant Korbel was the manufacturer of specialty wines,

champagnes and spirits, specifically Korbel Extra Dry California Champagne.

13.

Prior to June 18, 2023, Defendant Korbel was responsible for the shipping and/or import of specialty wines, champagnes, and spirits, specifically Korbel Extra Dry California Champagne ("subject champagne bottle").

14.

At or about June 18, 2023, the Plaintiff was legally in possession of the subject champagne bottle.

15.

At or about June 18, 2023 at approximately 12:45 p.m., Plaintiff purchased the subject champagne bottle from the Kroger located at 4400 Brownsville Road, Powder Springs, Cobb County, Georgia 30127.

16.

Upon returning home, Plaintiff reviewed the bottle's warning label, which stated: Use caution: contents under pressure. Do not shake. Never use a corkscrew to open. Serve chilled." Plaintiff followed these instructions explicitly. She did not shake the bottle, did not use a corkscrew, and immediately placed the champagne bottle in the refrigerator door to chill as directed.

17.

Plaintiff stored the bottle under normal household conditions, and it remained refrigerated until the time she attempted to open it later that afternoon.

4

18.

At or about June 18, 2023, at approximately 4:30 p.m., while preparing food and spending time with her husband, Plaintiff removed the bottle from the refrigerator and, while holding it in her left hand, attempted to open it using her right hand.  She attempted to open it by pushing upward on the cork by hand, in a non-aggressive and ordinary fashion.

19.

Without warning, the bottle suddenly and violently exploded while Plaintiff was holding it; its cork remained intact, causing shattered glass and pressurized contents to lacerate her left wrist. The explosion resulted in severe injuries, including a radial ulnar artery laceration, nerve and tendon damage, and significant blood loss.

20.

The explosion of the subject champagne bottle caused severe and permanent injuries to the Plaintiff.

## COUNT ONE:(NEGLIGENCE)
## DEFENDANT KORBEL

21.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

22.

Defendant Korbel is the distributor, seller, and/or supplier of the subject champagne bottle and was responsible for designing, manufacturing, marketing, labeling, and/or selling the champagne bottle and otherwise putting it into the stream of commerce.

23.

Defendant Korbel had a duty to exercise reasonable care in the design, testing, manufacture, sale and/or distribution of the champagne bottle into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and provide reasonable warnings to consumers regarding any such risks.

24.

Defendant Korbel failed to exercise reasonable care in several respects, including but not limited to the following:

a.)    Failing to properly design the subject champagne bottle;

b.)    Failing to properly manufacture the subject champagne bottle;

c.)    Failing to properly test the subject champagne bottle;

d.)    failing to provide proper and adequate warnings, instructions, and labeling for the subject champagne bottle;

e.)    Utilizing dangerous material and fabric; and/or

f.)    Failing to perform appropriate post-market surveillance of the subject champagne bottle.

25.

Despite the fact that Defendant Korbel knew of should have known that the subject champagne bottle posed a serious risk of bodily harm to consumers, Defendant Korbel continued to sell, manufacture and market the subject champagne bottle for use by consumers.

26.

Defendant Korbel knew or should have known that consumers, including Plaintiff, would

6

foreseeably suffer injury as a result of Defendant Korbel's failure to exercise ordinary care as described above.

27.

As a direct and proximate result of the Defendant Korbel's negligence, Plaintiff sustained severe and permanent injuries described herein.

28.

As a direct and proximate result of Defendant Korbel's negligent and reckless acts, Plaintiff sustained the following damages: past, present and future medical and rehabilitation expenses; pain, suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of portions of her body; permanent physical scarring; and impairment of general health, strength and vitality.

## COUNT TWO: STRICT PRODUCTS LIABILITY DEFECT DUE TO INADEQUATE WARNING
## (DEFENDANT KORBEL)

29.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

30.

Defendant Korbel is the manufacturer, designer, distributor, seller and/or supplier of the subject champagne bottle and was responsible for marketing, labeling, and/or selling the subject champagne and otherwise putting it into the stream of commerce.

31.

The subject champagne bottle was used by the Plaintiff in an intended or reasonably

7

foreseeable manner.

32.

The subject champagne bottle was in a defective and unreasonably dangerous condition at the time that it was sold, in that it was dangerous to an extent beyond that which is contemplated by an ordinary and reasonable buyer or consumer, including Plaintiff.

33.

Even though the Plaintiff reviewed the bottle's warning label, and did not shake the bottle, use a corkscrew, and immediately placed the champagne bottle in the refrigerator door to chill as directed, the bottle still exploded, causing a severe injury to Plaintiff.

34.

The subject champagne bottle was defective and unreasonably dangerous, due to inadequate warnings or instructions, in that:

a.) Defendant Korbel knew or should have known that the bottle created risks of serious bodily harm but they failed to adequately warn Plaintiff and the general public of the extent of such risks, including the extent of the risks of explosion and of the types of injuries Plaintiff suffered as a result of using the subject champagne bottle.

b.) Defendant Korbel marketed, promoted and advertised the subject champagne bottle to the public as safe to be used at a time that the Defendant had actual and/or constructive knowledge that the bottle was less safe than other general products on the market;

c.) Defendant Korbel failed to warn Plaintiff and the public that the subject champagne

8

bottle was associated with an increased risk and/or likelihood of exploding;

d.)    Defendant Korbel did not reasonably warn Plaintiff and the public of precautions
and known potential risks associated with the bottle, so as the enable Plaintiff and
others to reasonably assess the risk versus the benefits of the subject champagne
bottle; and/or

e.)    The warnings that were given by Defendant were not accurate, clear, and/or were
otherwise ambiguous.

35.

Plaintiff was unaware of the increased risks and dangers of harm associated with the subject
champagne bottle, and would not have used the subject champagne bottle if she had been so
informed.

36.

Plaintiff used the bottle for its intended and reasonably anticipated purpose without
knowledge of its inherent dangerous characteristics, and could not have discovered such defects
in the subject champagne bottle through the exercise of reasonable care.

37.

As a direct and proximate result of the defective and unreasonably dangerous condition of
the subject champagne bottle, Plaintiff sustained severe and permanent injuries described herein.

38.

As a further direct and proximate result of the defective and unreasonably dangerous
condition of the subject champagne bottle, Plaintiff sustained the following damages: past, present
and future medical and rehabilitation expenses; pain, suffering and psychological anguish; loss of

9

enjoyment of life; permanent loss of the complete and normal use of portions of her body; permanent physical scarring; and impairment of general health, strength and vitality.

## COUNT THREE: BREACH OF IMPLIED WARRANTY
## (DEFENDANT KORBEL)

39.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

40.

Defendant Korbel was the manufacturer, designer, distributor, seller, and/or supplier of the subject champagne bottle, and was responsible for marketing, labeling, and/or selling the champagne bottle and otherwise putting it into the stream of commerce.

41.

At the time, Defendant Korbel designed, manufactured, marketed, sold, and/or distributed the champagne bottle. Defendants knew the use for which the champagne bottle was intended and impliedly warranted the subject champagne bottle to be of merchantable quality and safe for such use.

42.

Plaintiff reasonably relied upon the skill and judgment of Defendant as to whether the champagne bottle was of merchantable quality and safe for its intended use, as well as upon the Defendant's implied warranty as to such matters.

43.

Contrary to such implied warranty, the subject champagne bottle was not of merchantable quality or safe for its intended use. The product was defective and unreasonably dangerous, as

10

described above.

44.

As a direct and proximate result of the breach of warranty, Plaintiff sustained severe and permanent injuries described herein.

45.

As a further direct and proximate result of the breach of warranty, the Plaintiff sustained the following damages: past, present, and future medical and rehabilitation expenses; pain, suffering, and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of portions of her body; permanent physical scarring; and impairment of general health, strength, and vitality.

## COUNT FOUR: STRICT PRODUCT LIABILITY- DEFECTIVE MANUFACTURING (DEFENDANT KORBEL)

46.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

47.

Defendant Korbel was the manufacturer designer, and/or supplier of the subject champagne bottle, and was responsible for marketing, labeling, and/or selling the subject champagne bottle and otherwise putting it into the stream of commerce.

48.

The subject champagne bottle was used by Plaintiff in an intended or reasonably foreseeable manner.

11

49.

The subject champagne bottle was defective and unreasonably dangerous when it was sold; it was dangerous to an extent beyond that which is contemplated by an ordinary and reasonable buyer or consumer, including the Plaintiff.

50.

The subject champagne bottle was defective and unreasonably dangerous in its manufacture and construction. It was prone to explosion and made of inferior material, rendering it unreasonably dangerous and thereby posing a serious risk of injury to consumers, including the Plaintiff.

51.

Defendant Korbel knew or should have known that technologically and commercially feasible safer alternative methods of manufacture existed, including the use of alternative materials for construction, that would have eliminated the subject champagne bottle's unreasonably dangerous characteristics and condition.

52.

As a direct and proximate result of the defective and unreasonably dangerous condition of the champagne bottle, Plaintiff sustained severe and permanent injuries described herein.

53.

As a further direct and proximate result of the defective and unreasonably dangerous condition of subject champagne bottle, Plaintiff sustained the following damage: past present and future medical and rehabilitation expenses; pain, suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of portions of her body;

permanent physical scarring; and impairment of general health, strength and vitality.

## COUNT FIVE: STRICT PRODUCTS LIABILITY -DEFECTIVE DESIGN (DEFENDANT KORBEL)

54.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

55.

Defendant Korbel is the manufacturer, designer, distributor, seller and/or supplier of the subject champagne bottle, and was responsible for marketing, labeling and/or selling the champagne bottle and otherwise putting it into the stream of commerce.

56.

The subject champagne bottle was used by the Plaintiff in an intended or reasonably foreseeable manner.

57.

The subject champagne bottle was in a defective and unreasonably dangerous condition at the time that it was sold, and it was dangerous to an extent beyond that which is contemplated by an ordinary and reasonable buyer or consumer, including the Plaintiff.

58.

The subject champagne bottle was defective and unreasonably dangerous in its design. The textiles chosen for its construction made the champagne bottle susceptible to exploding, such that an average consumer would not reasonably anticipate the dangerous nature of the champagne bottle nor fully appreciate the attendant risk of injury associated with using it.

59.

The subject champagne bottle was further defective and unreasonably dangerous in its design, as it failed to include accompanying and proper warnings regarding its likelihood to explode and/or the adverse effects associated with its use.

60.

At all relevant times, Defendant Korbel knew or should have known that technologically and commercially feasible safer alternative designs existed, including the use of alternative textiles and construction methods of testing and warnings that would have eliminated the unreasonably dangerous characteristics and condition of the subject champagne bottle.

61.

As a direct and proximate result of the defective and unreasonably dangerous condition of the subject champagne bottle, Plaintiff sustained the severe and permanent injuries described herein.

62.

As a further direct and proximate result of the defective and unreasonably dangerous condition of the subject champagne bottle, Plaintiff, sustained the following damages: past, present and future medical and rehabilitation expenses; pain, suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of portions of her body; permanent physical scarring; and impairment of general health, strength and vitality.

## COUNTS SIX: NEGLIGENCE
## (DEFENDANT KROGER)

63.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth

14

verbatim herein.

64.

Defendant Kroger is the distributor, seller, and/or supplier of the subject champagne bottle and was responsible for marketing, labeling, and/or selling it and otherwise putting it into the stream of commerce.

65.

Defendants had a duty to exercise reasonable care in the sale and/or distribution of the subject champagne bottle into the stream of commerce, including a duty to ensure that its product did not pose a significantly increased risk of bodily harm and provide reasonable warnings to consumers regarding any such risks.

66.

Defendants failed to exercise reasonable care in several respects, including but not limited to the following:

a.)  failing to properly design the subject champagne bottle;

b.)  failing to properly manufacture the subject champagne bottle;

c.)  failing to properly test the subject champagne bottle;

d.)  failing to provide proper and adequate warnings, instructions, and labeling for the subject champagne bottle;

e.)  utilizing dangerous material and fabric; and/or

f.)  failing to perform appropriate post-market surveillance of the subject champagne bottle.

15

67.

Despite the fact that Defendants knew or should have known that the subject champagne bottle posed a serious risk of bodily harm to consumers, Defendant Kroger continued to sell and market the subject champagne bottle for use by consumers.

68.

Defendant Kroger knew or should have known that consumers, including Plaintiff, would foreseeably suffer injury because of Defendant's failure to exercise ordinary care as described above.

69.

As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained the severe and permanent injuries described herein.

70.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained the following damage: past, present and future medical and rehabilitation expenses; pain, suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of portions of her body; permanent physical scarring; and impairment of general health, strength and vitality.

## COUNTS SEVEN: BREACH OF IMPLIED WARRANTY
## (DEFENDANT KROGER)

71.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

16

72.

Defendant Kroger is the distributor, seller, and/or supplier of the subject champagne bottle and was responsible for marketing, labeling, and/or selling the subject champagne bottle and otherwise putting it into the stream of commerce.

73.

At the time Defendants marketed, sold, and distributed the subject champagne bottle, Defendant Kroger knew the use for which the subject champagne bottle was intended and impliedly warranted the subject champagne bottle to be of merchantable quality and safe for such use.

74.

Plaintiff reasonably relied upon the skill and judgment of Defendant Kroger as to whether the champagne bottle was of merchantable quality and safe for its intended use, as well as upon Defendant Kroger's implied warranty as to such matters.

75.

Contrary to such implied warranty, the subject champagne bottle was not of merchantable quality or safe for its intended use, in that the product was defective and unreasonably dangerous as described above.

76.

As a direct and proximate result of the breach of warranty, Plaintiff sustained the severe and permanent injuries described herein.

77.

As further direct and proximate result of the breach of warranty, Plaintiff, sustained the

17

following damages: past, present and future medical rehabilitation expenses; pain, suffering and

psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use

of portions of her body; permanent physical scarring; and impairment of general health, strength

and vitality.

**COUNT NINE: PUNITIVE DAMAGES**
**(DEFENDANT KORBEL AND DEFENDANT KROGER)**

78.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set

forth verbatim herein.

79.

Punitive damages should be awarded against Defendant Korbel and Defendant Kroger as

there exists clear and convincing evidence that their actions showed willful misconduct, malice,

wantonness, oppression, and an entire want of care which would raise the presumption of

conscious indifference to consequences.

**COUNT TEN: ATTORNEYS' FEES AND LITIGATION EXPENSES UNDER O.C.G.A.**
**§ 13-6-11**

80.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth

verbatim herein.

81.

There is no bona fide dispute as to Defendants' liability and in the event Defendants deny

liability or otherwise act stubbornly litigious or cause Plaintiff unnecessary trouble and expense,

Plaintiff provide notice that she will seek her expenses of litigation including her reasonable

18

attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

82.

There is no bona fide dispute regarding the issue of causation and in the event Defendants deny causation or otherwise act stubbornly litigious or cause Plaintiff unnecessary trouble and expense, Plaintiff provides notice that she will seek her expenses of litigation including her reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## DAMAGES

83.

Plaintiff incorporates the above paragraphs as fully and completely as if they were set forth verbatim herein.

84.

Each of the Defendants acted in a manner which either alone or combined and concurring with the actions of the other Defendant's acts of negligence, directly and proximately caused the crash described above and resulting in serious and permanent injuries to Plaintiff.

85.

As a result of Defendants' negligence, Plaintiff suffered personal injuries.

86.

Defendants' negligence is the sole and proximate cause of the injuries, damages and losses set forth above.

87.

Defendants are liable to Plaintiff for all of the injuries, damages and losses set forth herein.

## PRAYER FOR RELIEF

88.

For public policy reasons, Georgia's substantive law should be applied to govern the claims set forth by Plaintiff in this action.

89.

WHEREFORE Plaintiff prays for the following relief:

(a)    A trial by jury on all issues in this case;

(b)    That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c)    That judgment be entered in favor of Plaintiff and against Defendants;

(d)    That Plaintiff have and recover all damages for all losses compensable under Georgia substantive law as set forth above;

(e)    For Plaintiff to be awarded general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial including damages for Plaintiff's pain and suffering;

(f)    For Plaintiff to be awarded special damages in an amount to be determined by the enlightened conscience of an impartial jury at trial including any medical bills, loss wages, and mileage reimbursement;

(g)    That all attorneys' fees, expenses, and costs be cast against the Defendants;

(h)    That service be had on the Defendants as provided by law; and

(i)    For such other and further relief as the Court deems just and proper.

20

David T. Lashgari
David T. Lashgari, Esq.
Attorney for Plaintiff
Georgia Bar No. 438517

*Lashgari & Associates, P.C.*
*Attorneys at Law*

2470 Windy Hill Road, Suite 214
Marietta, Georgia 30067-8617
Tel:         770-612-9400
Fax:        770-612-9455
Email: David.Lashgari@MyWreckLawyer.com

21